Date signed February 22, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ANITA ANN HUFF | : | Case No. 07-18532PM |
| | : | Chapter 7 |
| Debtor | : | |
| ------------------------------- | : | |
| ORIX FINANCIAL SERVICES, INC. | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| ANITA ANN HUFF | : | |
| Respondent | : | |
| ------------------------------- | : | |

### MEMORANDUM OF DECISION
### (Motion to Reopen Case)

    ORIX Financial Services, Inc. ("ORIX"), the holder of an unsecured claim scheduled in the amount of $88,861.00 incurred in connection with Debtor's ex-husband's excavating business, filed a Motion to Reopen this bankruptcy case under Chapter 7. The Motion complains of Debtor's actions following a state court Order to appear for oral examination, as well as various actions of Debtor following the filing of this case on September 6, 2007. The Notice of Filing of this case set December 17, 2007, as the date for filing objections to discharge and dischargeability of debts. At the meeting of creditors held October 16, 2007, Debtor was examined in detail by counsel for ORIX concerning various transactions and the actions mentioned above. The Trustee filed a Report of No Distribution.

    On November 14, 2007, this court passed an Order granting the motion of ORIX, filed

November 9, 2007, for Rule 2004 examination of Debtor. A notice of that examination was served on November 29, 2007. ORIX alleges that the parties agreed, so as not to interfere with the holiday season plans, that the Debtor would appear for examination on January 9, 2008, with appropriate documents produced by December 21, 2007. The Debtor was discharged by Order entered December 19, 2007, and the Final Decree and case closing notice filed December 27, 2007.

ORIX alleges that Debtor's counsel then advised counsel for ORIX that the Debtor would not appear for the examination because of the entry of the Final Decree. Debtor's counsel states that counsel for ORIX was called on December 21, 2007, and advised that the documents were available, but, as they were lengthy, suggested that they be inspected at his office. Arrangements were made for a visitation on January 7, 2008, with the examination remaining as scheduled on January 9. The court finds that there was no intention on the part of Debtor's counsel by agreement to a lengthening of the schedule so as to bar counsel for ORIX from conducting an examination by his agreement to fixing the time of the examination after closure of the case.

The court will order the reopening of this case. The Trustee elected not to pursue preference or fraudulent conveyance actions that were thoroughly fleshed out by counsel for ORIX at the meeting of creditors held pursuant to 11 U.S.C. § 341(a). The time for filing complaints seeking to object to Debtor's discharge has long passed, and Bankruptcy Rule 9006(b)(3) prevents extending that period once it has expired. Nothing appears in this record to serve as a basis for the revocation of Debtor's discharge under 11 U.S.C. § 727(d), other than on a theory that the Debtor's action in not appearing at the examination on the date agreed upon by counsel amounts to a disobedience of an Order of this court.

ORIX urges that an action can be filed in state court against the recipients of the challenged conveyances. Without any finding as to the merits of such an action, the court will order the reopening of the case for the purpose of allowing ORIX Financial Services, Inc., to file an adversary proceeding seeking the revocation of Debtor's discharge. If Debtor opposes the action, that will involve further expense for the parties. On the other hand, if Debtor appears with the documents for examination, that renders any possible adversary proceeding moot. Whether any of this further expense and effort is of benefit to ORIX remains to be seen.

An appropriate order will be entered.

cc:
Robert K. Goren, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850
Scott W. Foley, Esq., Shapiro Sher, 36 South Charles Street, Baltimore, MD 21201
Anita Ann Huff, 8274 Leishear Road, Laurel, MD 20723
Steven H. Greenfeld, Trustee, 719 Woodmont Avenue, Suite 7760, Bethesda, MD 20814

**End of Memorandum**